IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| EVELYN SIMS | * | |
|       Plaintiff | * | |
| v. | | CIVIL NO. RDB-05-2251 |
| | * | |
| FRANKLIN SQUARE HOSPITAL | | |
| | * | |
|       Defendant | | |
| | * | |

\* \* \* \* \* \*

MEMORANDUM

Defendant Frank Square Hospital has filed a Motion to Compel Responses by the Pro Se Plaintiff Evelyn Sims to its request for production of documents. The response to that request was due on February 15, 2006. Despite repeated requests by Counsel for the Defendant , the Plaintiff has failed to provide appropriate responses. The original Scheduling Order issued on September 29, 2005 was modified on January 18, 2006 and March 24, 2006 as a result of the Plaintiff's failure to provide appropriate responses during the discovery process. The discovery deadline is presently May 19, 2006.

Rule 37(b) of the Federal Rules of Civil Procedure provides for sanctions in the event that a party refuses to comply with discovery. Those sanctions may include rendering a default judgment against the offending party according to Rule 37(b)(2)(C) . Federal Courts possess great discretion to sanction parties for failure to obey discovery orders. Chambers v. Nasco, Inc., 501 U.S. 32 (1991). However, the "range of discretion is more narrow" if the anticipated sanction is judgment by default. Wilson v.

Volkswagon of America, Inc., 561 F.2d 494, 503-04 (4th Cir. 1977) cert. den. 434 U.S. 1020 (1978).  In a discussion of its opinion in the Wilson case, the Fourth Circuit in Mutual Federal Sav. & Loan v. Richards & Associates, 872 F.2d 88, 92 (4th Cir. 1989) noted four factors to be considered:  "(1) whether the noncomplying party acted in bad faith; (2) the amount of prejudice his noncompliance caused his adversary, which necessarily includes an inquiry into the materiality of the evidence he failed to produce; (3) the need for deterrence of the particular sort of noncompliance; and (4) the effectiveness of less drastic sanctions."

The Plaintiff's continued failure to comply with the discovery schedule in this case reflects bad faith.  There is clear prejudice to the Defendant in that the requested documents include medical records, disability payments and other documents which are clearly material to this case.  There is a need to deter this type of noncompliance with the Scheduling Orders of this Court.   Finally, the Plaintiff is put on notice of the potentiality of a default judgment as the final sanction for her continued noncompliance.

Accordingly, this Court grants the Motion of the Defendant and will enter default judgment against the Plaintiff if there has not been a response to the request for production of documents by April 21, 2006.  A separate Order follows.

April 5, 2006

/s/
_____
Richard D. Bennett
United States District Judge